35641. BAILEY *v.* NORRED *et al.*

DECIDED JUNE 6, 1955.

128

*Holland & Lea, Preston L. Holland,* for plaintiff in error.
*Walter O. Allanson,* contra.

GARDNER, P. J. ■ As to the general grounds, while the evidence is conflicting on all material issues, it is sufficient to sustain the verdict.

■ There were no special requests to charge. The special ground assigns error on the following excerpt from the charge of the court: "There is an issue in the case with respect to an alleged payment on the part of the defendant to someone for the plaintiff's of an additional $20. You remember that there was a pleading in the case, and evidence on the part of the plaintiff's that $10 was paid to one of the employees. The defendant contends that an additional $20 was paid either to that employee or to another employee, and in that respect, you gentlemen will have to determine an issue of payment. *Now that is the only way in which you might adjust an amount in the event you determine that for the defendant and find in favor of the plaintiffs otherwise.* [Italics ours.]

"If you determine you find in favor of the defendant in the case, there will be no amount of money involved at all, so you won't need to go into that issue. Under the circumstances, if you should find in favor of the plaintiffs in the case, your verdict will either be in the maximum amount sued for, or in that amount less $20.00, which is the maximum amount of that contention on the part of defendant, with respect to payment, which would be $295.85."

The movant avers that the charge is erroneous and was injurious because it was misleading and confusing to the jury for the following reasons: "That plaintiffs' original petition showed in paragraph one that the original contract price was the sum of $775.85, which defendant denied.

"That plaintiffs' amendment later sets out the original contract price of $650.00, setting out certain other items as extras making a total price of $775.85. Defendant denied that he contracted to pay for the extras. The evidence showed on page 4, (Norred) that the original contract price was for $650.00 plus the extras.

"Defendant denied in paragraph 2 of his answer that the sum of $315.85 was due plaintiff. Evidence was brought out on page 4 of report of the trial (Norred) that the defendant refused to pay for the extras and the balance of $315.85 which includes the extras.

"Defendant avers that there was and is no contention or dispute as to the original purchase price of $650.00 but that defendant did dispute the bad workmanship, the extra labor, the extra materials, and the sum of $20.00 the defendant paid an employee of plaintiffs at one of the plaintiffs' request.

"Defendant verily believes and avers that the court erred in its aforesaid charge in that same was confusing and misleading to the jury and injurious to defendant, that same was an unsound abstract principal of law, that the court erred in giving such charge (135 Ga. 357).

"Defendant avers that he was entitled to have submitted to the jury his denial of the fact that he entered into an additional substitute agreement to pay for the extras. Defendant avers that he did not enter into such an agreement that evidence was introduced to show that same was in dispute, which the record

shows beginning on page 4 of the report of the trial (Norred) and continuing throughout the trial.

"Defendant avers that he was entitled to have this question as to the extras and substitute agreement submitted to the jury and by the charge of the court and the wording of the charge heretofore referred to and more specific the portions of the charge that is underlined, the defendant avers that said charge were prejudicial and injurious to him in that had the jury been able to consider the question of whether or not an agreement was made to pay for the extras, or whether or not same was a part of the original contract then their verdict could have possibly been very different. Calling the court's attention to plaintiff's amendment which shows the original contract price as $650.00 and certain extras amounting to $125.85 plus the payments made by defendant. Defendant avers that there is no dispute between the evidence and the pleadings that plaintiffs sought to have charged the defendant with certain extras, which defendant denied that he agreed to pay for, but that same was covered in the original contract.

"This is a question of fact which should have been submitted to the jury. The court's charge prevented this question of fact from going to the jury and defendant avers that same was injurious to him; that the verdict possibly could have read some $125.85 less had this question been considered by the jury."

We have read carefully the contentions of both parties regarding the charge of the court on this special ground, and we have read carefully the charge as a whole. From the record as a whole, we can discern no error in this special ground that would be cause for a reversal. The court in another portion of the charge instructed the jury that they would be obliged to consider the testimony on the allegations of the defendant to the effect that the $10 above mentioned had been advanced and also $20 had been advanced as a payment to the same employee or another employee. Therefore, the record, according to our way of thinking, shows that the $10 payment stands on the same footing as the $20 payment. Nevertheless, the court instructed the jury that if they found that the plaintiffs were entitled to recover the recovery would be either $315.85 or $20 less than that amount. Just why the court did not, in this same connection, include the

$10 payment as well as the $20 payment, we do not know, but the only error which we can find in regard to this special ground, in view of the whole charge and in view of the evidence, is that the court did not include the $10 payment as well as the $20 payment. If the court had done this, the only detriment which could have been inflicted upon the defendant is a credit of $10 which would reduce the payment by that amount. Under the whole record we are not of the opinion that the judgment should be reversed, but we are of the opinion that the defendant is entitled to get credit for the $10 payment. Counsel for both parties have submitted numerous authorities regarding this special ground, but as we view the case the defendant is not entitled to a new trial provided the plaintiff will write off the $10 credit from the judgment returned before the remittitur is received in the trial court. Otherwise, a new trial is granted.

*Judgment affirmed with direction. Townsend and Carlisle, JJ., concur.*